IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARNELL SMITH,

      Plaintiff,

v.

TJX COMPANIES, INC. and
MARSHALLS OF MA, INC.,

      Defendants.

CIVIL ACTION FILE

NO. 1:12-CV-3879-MHC

## ORDER

This is a *pro se* action before the Court on the Final Report and

Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 120]

recommending that that Defendants' Motion for Summary Judgment [Doc. 107] be

granted.  The Order for Service of the R&R [Doc. 121] provided notice that, in

accordance with 28 U.S.C. § 636(b)(1), Plaintiff was authorized to file objections

within fourteen (14) days of the receipt of that Order.  Within the required time

period, Plaintiff filed one document, styled as "Plaintiff's Reconsideration and

Opposition to Final Report and Recommendation on Motion for Summary

Judgment" [Doc. 122], which the Court will consider as Plaintiff's objections to

the R&R.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

Plaintiff's objections to the R&R do not specifically indentify the findings of the R&R objected to but, as Plaintiff did in responding to Defendants' Statement of Material Facts, either cite to unauthenticated documents or make general legal pronouncements that are irrelevant to the matters before the Court. Plaintiff raises no objections that would call into question the Magistrate Judge's findings and conclusions which clearly establish that Plaintiff has failed to demonstrate a *prima*

*facie* case of sex and religious discrimination, hostile work environment, or

retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

200e, *et seq*.

For example, Plaintiff attaches several affidavits from former employees of

Marshalls stating that they never observed any female employee targeted for the

types of bag searches that Plaintiff was subjected to.  The problem is that Plaintiff

contended in his Amended Complaint that he is "the only employee, male or

female, targeted for a bag search."  Am. Compl., [Doc. 58] ¶ 6.  The Magistrate

Judge considered this same evidence and properly concluded that Plaintiff offered

no admissible evidence to establish that store managers discriminated against him

on account of his race or sex.

> In any event, all of this is neither here nor there with regard to the
> adverse action at issue, that is, Plaintiff's termination.  Whether
> Defendant selectively enforced the bag policy has no bearing on
> whether [Plaintiff] was terminated for being male.  Here, Plaintiff
> points to no evidence showing that any comparators outside of his
> protected gender-based class (that is, any females) committed
> repeated violations of the bag check policy – much less in the
> insubordinate manner that Defendants' undisputed evidence shows
> that Plaintiff displayed – and was not fired.

R&R at 33.

Plaintiff's other "objections" are either conclusory statements ("Defendants

violated plaintiff First Amendment right of religion"), extraneous allegations

("Counsel for defense . . . kept plaintiff [in his deposition] beyond the seven hour time limit"), or irrelevant citations (to two law review articles and a Ninth Circuit decision with facts not analogous to this case).  None of Plaintiff's objections provide any ground to overrule the Magistrate Judge's well-reasoned Report and Recommendation.

Accordingly, Defendants' objections to the Magistrate Judge's Report and Recommendation [Doc. 122] are **OVERRULED**.  This Court **APPROVES AND ADOPTS** the Magistrate Judge's Final Report and Recommendation [Doc. 120] as the judgment of the Court.  Defendants' Motion for Summary Judgment is **GRANTED** with regard to all of Plaintiff's claims, and judgment is entered in favor of Defendants.  The Clerk is directed to close the case.

**IT IS SO ORDERED** this 26th day of February, 2015.

_____
MARK H. COHEN
United States District Judge